UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASHAR J. ALHAJJAR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-1445 JLS (MDD)<br><br>**ORDER (1) QUASHING SERVICE OF AMENDED COMPLAINT; AND (2) GRANTING PLAINTIFF AN EXTENSION TO SERVE** |

　　　　Plaintiff filed a Complaint against the Department of Homeland Security ("DHS") in June 2016. Plaintiff did not file a proof of service indicating he had served his Complaint. In March 2018, this Court set a hearing for want of prosecution pursuant to Civil Local Rule 41.1. (ECF No. 8). Plaintiff appeared, and the Court granted Plaintiff until May 7, 2018 to serve Defendant. (ECF No. 9.) On May 7, 2018, Plaintiff filed an amended complaint and attached a "Certificate of Service" certifying that the attached documents were sent to a representative of Defendant via fax and certified mail. (ECF No. 11.)

　　　　The Court **QUASHES** Plaintiff's service of process for the reasons set forth below. *See Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.").

When serving an individual within a judicial district of the United States, a defendant may be served in accordance with state law governing service. Fed. R. Civ. P. 4(e)(1). In California, service of process on an individual inside the state may be accomplished through (1) personal delivery of the summons and complaint on the defendant or an authorized agent, Cal. Code Civ. Proc. § 415.10; (2) substitute service upon another person at the defendant's residence or place of business, *id.* § 415.20; (3) mail service coupled with an acknowledgment of receipt, *id.* § 415.30; or (4) by publication, *id.* § 415.50.

Plaintiff states he has mailed and faxed his amended complaint to Janet W. Muller at DHS. (ECF No. 11, at 21.) California law does not expressly allow service by fax, so the Court analyzes Plaintiff's service by mail. Under section 415.30: "A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Code Civ. Proc. § 415.30. There is no indication Plaintiff included the necessary documents in his service on Ms. Muller. (*See* ECF No. 11, at 21 (Plaintiff certifies that "the attached document(s) was (were) sent" and the only document attached is the amended complaint).)

Further, there are specific procedures a plaintiff must follow when suing the United States. *See* Fed. R. Civ. P. 4(i). The plaintiff must deliver or send a copy of the summons and complaint to the United States attorney for the district where the action is brought and to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(A) & (B). There is no indication Plaintiff has complied with these procedures.

/ / /
/ / /
/ / /

The Court therefore **QUASHES** Plaintiff's Certificate of Service. The Court **GRANTS** Plaintiff an extension to June 27, 2018 in which to serve Defendant and file an appropriate proof of service with the Court. Failure to properly serve Defendant by this time may result in this case being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: June 6, 2018

Hon. Janis L. Sammartino
United States District Judge